

Rory J. McEvoy

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6480
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7195

March 24, 2021

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> MSM's request to use the rough transcript of Plaintiff's deposition in connection with MSM's motion for summary judgment is granted. SO ORDERED.
>
> *Loretta A. Preska* 3/25/2021

Re: **Stallings v. Mount Sinai St. Luke's and Roosevelt**
   **18 Civ. 08498 (LAP) (KHP)**

Dear Judge Preska:

    On behalf of our client, Mount Sinai Morningside ("MSM") (formerly "Mount Sinai St. Luke's"), I write regarding the transcript of Plaintiff's deposition. To date, and despite repeated efforts to do so, we have not received the official transcript of her deposition from the court reporter. We request the Court's permission to use the rough transcript of Plaintiff's deposition in connection with MSM's motion for summary judgment, which is due on March 31, 2021.

    We took Plaintiff's deposition on January 16, 2020. We requested and received the rough transcript of her deposition on January 30. The court reporter whom we used for the deposition, Mildred Cassese, owned her own court reporting agency. I have used Ms. Cassese as a court reporter for more than 30 years and have never had a problem receiving the official transcript in any of the hundreds of depositions in which Ms. Cassese was the court reporter. I and my colleague, Brittany Buccellato, have contacted, and attempted to contact, Ms. Cassese on numerous occasions since February 2020 inquiring as to when we would receive the official transcript. At first, Ms. Cassese assured me that I would receive the official transcript in due course. After I did not receive it, I texted Ms. Cassese to inquire about the transcript. She responded that she would get the final out to me as soon as she could. That was the last communication that I received from Ms. Cassese. My numerous follow-up e-mails, text messages, and telephone messages to her went unanswered.

    After Ms. Cassese stopped accepting our calls or answering our emails, we retained a private investigator to locate her. The private investigator provided us with her final report on March 15, 2021. She reported that: (i) the phone number for Ms. Cassese's court reporting agency is no longer in service; (ii) she went to Ms. Cassese's business address, but no one was

Honorable Loretta A. Preska
March 24, 2021
Page 2

_____

there and a mailman reported that Ms. Cassese had "not been there for years"; (iii) she went to what was listed as a home address for Ms. Cassese, but she was not there and a neighbor reported that she "comes and goes" and is likely "upstate"; (iv) she left multiple messages for Ms. Cassese on her cell phone, but she never returned her calls; (v) she located Ms. Cassese's daughter's home in rural Pennsylvania and drove there to find her, but she was not home and her closest neighbor did not answer their door either; and (vi) on March 14, 2021, Ms. Cassese's daughter answered the private investigator's call and told her she would ask her mother to contact me.  To date, I have not heard from Ms. Cassese and now believe that it is unlikely that I will.

      The rough transcript is overwhelmingly accurate.  For the most part, the issues in the rough are: (i) typos; (ii) misspellings of names (although it is still clear to whom Plaintiff is referring)[1]; (iii) stray symbols; (iv) use of the wrong word (although it is clear from the context what the word should be)[2]; and (v) missing capitalization.  There are a handful of other errors (approximately 11 in the whole transcript) that can be easily corrected with an errata sheet.  Attached is a copy of a representative excerpt of the rough transcript.

      Ms. Buccellato explained the above to counsel for Plaintiff, Joshua Friedman, provided him with a copy of the rough transcript, and asked him whether he would consent to MSM's use of the rough transcript.  Mr. Friedman stated that he would not consent, but did not offer any alternative suggestions.

Respectfully submitted,

/s/ Rory J. McEvoy

Rory J. McEvoy

Attachment

cc:    Joshua Friedman, Esq., Attorney for Plaintiff (via ECF)

---

[1] For example, one of Plaintiff's co-workers whose name is Sarah Ntim is referenced as "Sarah In Intem" or "Ms. In Item" at times in the rough transcript.

[2] For example, "tree only nurse" is written when it should be "triage nurse."